**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| Alana Souza, Hillary Hepner, Jesse Golden, Julianne Klaren, and Tiffany Toth Gray, | **Civil Action No.** |
| | |
| Plaintiffs, | **Judge**<br>**Magistrate Judge** |
| | |
| v. | **COMPLAINT AND JURY DEMAND** |
| | |
| Minx Show Palace, Inc. and Minx Theatre for the Performing Arts LLC, dba The Minx Show Palace, | |
| | |
| Defendant. | |

## <u>COMPLAINT AND JURY DEMAND</u>

Plaintiffs Alana Souza, Hillary Hepner, Jesse Golden, Julianne Klaren, and Tiffany Toth Gray (collectively, "Plaintiffs"), by and through their undersigned attorneys, for their Complaint, respectfully allege, based on personal knowledge as to facts relating to themselves and upon investigation of counsel for all other allegations, against Minx Show Palace, Inc. and Minx Theatre for the Performing Arts LLC (collectively, "Defendant"), doing business as The Minx Show Palace in Des Moines, Polk County, Iowa (the "Club"), as set forth below:

### I.     <u>INTRODUCTION</u>

1.  This case is about a strip club's unauthorized use of several professional models' images and likenesses in the strip club's advertisements.

2.  Defendant ran advertisements for its strip club on social media.

3.  Defendant's advertisements featured images of Plaintiffs.

4.  Defendant had no authorization, consent, permission, or legal authority to use, alter, or otherwise incorporate images of Plaintiffs – all of whom have no prior affiliation whatsoever

with Defendant or the Club – into Defendant's advertisements for Defendant's strip club, but Defendant did so anyway, whether intentionally, recklessly, or negligently.

5.   Plaintiffs would not choose to advertise or promote Defendant's strip club at all as being affiliated with Defendant's strip club can harm, defame, and disparage Plaintiffs' modeling services, reputations, and brands, and make it more difficult for Plaintiffs to obtain future work of their choosing or to otherwise commercially use and market their own modeling services, brands, and images.

6.   Even if Plaintiffs had been willing to allow their images to be used by Defendant – which they were not – Plaintiffs would have been rightfully entitled to payment for Defendant's commercial use of their images.

7.   Defendant has not paid Plaintiffs anything despite using Plaintiffs' images in Defendant's advertisements.

8.   Defendant's wrongful conduct, as further described below, gives rise to Plaintiffs' claims against Defendant under the federal Lanham Act, 15 U.S.C. § 1125(a), under Iowa common law, and under principles of equity, entitling Plaintiffs to an award of damages, equitable remedies, injunctive relief, costs, attorney's fees, and all such other relief as is just and proper as requested herein.

## II.    PARTIES

### A.    Plaintiffs

9.   Plaintiff Alana Souza, also known as Alana Campos, is a well-known professional model and is a resident of Nevada.

10. Plaintiff Hillary Hepner is a well-known professional model and is a resident of South Carolina.

11. Plaintiff Jesse Golden is a well-known professional model and is a resident of California.

12. Plaintiff Julianne Klaren is a well-known professional model and is a resident of California.

13. Plaintiff Tiffany Toth Gray is a well-known professional model and is a resident of California.

### B.     The Club and Defendant

14. The Minx Show Palace, also known as "Minx Showpalace" or "Minx", describes itself as "Des Moines premier Gentleman's Club"" and as "Iowa's Most Established & Entertaining Gentleman's Club, BYOB & Grill, & Love Boutique all in one!," and as "The Midwest's Best Kept Secret! Full Contact – High End Gentleman's Club" where "We present the most beautiful, sexy, and fun loving ladies nightly . .  LIVE ON STAGE!!" and where "We Bare All," located at 1510 NE Broadway Ave (also known as NE 46th Ave), Des Moines, Polk County, Iowa 50313 (the "Club").

15. The Club is a type of entity commonly referred to as a "strip club."

16. Defendant Minx Show Palace, Inc. is an Iowa domestic profit corporation in good standing with the Iowa Secretary of State, Business No. 302018.

17. Defendant Minx Theatre for the Performing Arts, LLC is an Iowa limited liability company listed as active with the Iowa Secretary of State, Business No. 302171.

18. On information and belief, Defendant Minx Show Palace, Inc. and Defendant Minx Theatre for the Performing Arts, LLC (collectively, "Defendant") jointly own, operate, and manage the Club.

19. As the owner, operator, and manager of the Club, Defendant is ultimately responsible for the production and posting of advertisements for the Club by Defendant's officers, managers, employees, agents, or independent contractors.

### III.     JURISDICTION AND VENUE

20. This Court has federal question jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiffs allege violations of the federal Lanham Act, 15 U.S.C. §1125, *et seq*.

21. Venue is proper in this under 28 U.S.C. § 1391 because Defendant is located in this judicial district and because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district and division.

### IV.     FACTUAL ALLEGATIONS

#### A.     A Model's Reputation Impacts the Commercial Value of Their Images, Likenesses, Trade Dress, and Advertising Ideas

22. Each Plaintiff is, and at all times mentioned herein was, a well-known professional model who earns compensation by, among other things, commercializing her identity, image, likeness, trade dress and advertising ideas for many business endeavors, including the advertisement and promotion of products and services through negotiated, arms-length transactions with reputable commercial brands and companies.

23. As professional models, Plaintiffs' business includes trading on their inherently distinctive looks and physical attractiveness to bring attention to the products, brands, and services that Plaintiffs choose to affiliate with.

24. Furthermore, a model's reputation directly impacts the commercial value associated with the use of their image, likeness, identity, trade dress, or advertising ideas to promote a product or service.

25. As such, a model has the right to control the commercial exploitation of their name, image, likeness, identity, trade dress, and advertising ideas.

26. Each Plaintiff expended substantial effort, resources, and time in building and protecting their reputation in the modeling industry.

27. Each Plaintiff carefully considers and vets the reputation, brand, and type of goods or services advertised by any potential client prior to authorizing the use of their image or likeness by that client.

28. Each Plaintiff's career in modeling has substantial value derived from the goodwill and reputation each has built.

29. Each Plaintiff commands substantial sums of money for the licensed commercial use of their image and likeness.

30. Unauthorized use of each Plaintiff's image or likeness can diminish, defame, and disparage the goodwill and reputation each Plaintiff has built and the amount of compensation each Plaintiff can command for the licensed or authorized use of their image, likeness, identity, trade dress, and advertising ideas.

31. As such, Plaintiffs must vigorously defend against unauthorized use of their image, likeness, identity, trade dress, and advertising ideas by third parties like Defendant that choose to steal Plaintiffs' image, likeness, identity, trade dress, and advertising ideas for use in Defendant's own advertisements without payment or consent, fraudulently representing to the public that Plaintiffs endorse, approve, or agreed to advertise Defendant's Club, including the fully or partially nude live entertainment activities believed to take place at Defendant's Club, thereby devaluing, disparaging, defaming, and causing confusion with respect to Plaintiffs, Plaintiffs' brands, and Plaintiffs' modeling work product.

**B.   Defendant Used Plaintiffs' Images, Likenesses, Trade Dress, and Advertising Ideas to Promote Defendant's Business Interests**

32. As the owner of a strip club, Defendant's business includes trading on the physical attractiveness of women to entice customers into its Club.

33. Defendant uses social media accounts featuring images of physically attractive women to promote, advertise, and market the Club, solicit customers for the Club, and publish endorsements of the Club.

34. Defendant is ultimately responsible for the advertising content posted by or on behalf of Defendant through Defendant's officers, managers, employees, agents, or independent contractors on social media accounts, including on the Club's Facebook, Instagram, and Twitter accounts.

35. Defendant's advertisements for the Club ran on the Facebook accounts https://www.facebook.com/minx.showpalace and https://www.facebook.com/TheMinxShowpalace/, the Twitter account https://twitter.com/minx_showpalace, and the Instagram account https://www.instagram.com/minxshowpalace/ (the Club's "Social Media Accounts").

36. Defendant has, and at all times mentioned herein had, authority to control their own use of their Social Media Accounts to promote the Club.

37. Defendant used Plaintiffs' photographs, images, likenesses, distinctive appearances, and trade dress, as well as Plaintiffs' advertising ideas, in advertising materials published by or for Defendant on the Club's Social Media Accounts to market, promote, and advertise the Club, all without consent, authorization, or legal right.

38. By using Plaintiffs' images in Defendant's advertisements for the Club on the Social Media Accounts, Defendant falsely and fraudulently represented to the public that Plaintiffs

endorse, are affiliated with, are associated with, would perform at, or agreed to advertise the Club, when, in fact, Plaintiffs had and have no connection with the Club whatsoever.

39. Defendant used Plaintiffs' images to bring attention from consumers to the Club and derive benefit from the some of the same qualities of Plaintiffs, including their physical look and distinctive appearances, that Plaintiffs trade on to earn income for themselves, thus competing with Plaintiffs over the very same consumer attention that contributes to the economic value of Plaintiffs' images, likenesses, identities, trade dress, and advertising ideas in the first place.

40. Defendant's misappropriations of each Plaintiff's image, likeness, identity, trade dress, and advertising ideas, falsely and fraudulently associating them with the Club, include ***at least*** the following advertisements, identified by Plaintiff(s) featured in the advertisement, date posted, social media account posted on, and uniform resource locator (URL) at which the advertisement could be found, as follows:

1) Alana Campos (left), Tiffany Toth Gray (center), and Jesse Golden (right), Instagram, 10/26/2018, https://www.instagram.com/p/BpaTDCKFQw1/

2) Alana Campos (left), Tiffany Toth Gray (center), and Jesse Golden (right), Twitter, 10/25/2018,

    https://twitter.com/minx_showpalace/status/1055560972960718848/photo/1

3) Alana Campos (left), Tiffany Toth Gray (center), and Jesse Golden (right), Twitter, 10/20/2018,

    https://twitter.com/minx_showpalace/status/1053770670298054657/photo/1

4) Alana Campos (left), Tiffany Toth Gray (center), and Jesse Golden (right), Facebook, 10/17/2018,

    https://www.facebook.com/TheMinxShowpalace/photos/a.1404851009792783/225875

9187735290 and

https://www.facebook.com/TheMinxShowpalace/photos/2258759187735290/

5) Alana Campos (left), Tiffany Toth Gray (center), and Jesse Golden (right), Facebook, 10/17/2018,

https://www.facebook.com/TheMinxShowpalace/photos/2258759574401918/

6) Hillary Hepner, Twitter, 10/9/2018,

https://twitter.com/minx_showpalace/status/1049719392437760000/photo/1

7) Hillary Hepner, Instagram, 10/9/2018, https://www.instagram.com/p/BouKln5FvQd/

8) Hillary Hepner, Facebook, 6/15/2018,

https://www.facebook.com/TheMinxShowpalace/photos/2142124182732125/ and

https://www.facebook.com/TheMinxShowpalace/photos/2135423206735556/

9) Hillary Hepner, Twitter, 1/29/2018,

https://twitter.com/minx_showpalace/status/958028705745592321

10)    Julianne Klaren, Facebook, 10/7/2017,

https://www.facebook.com/TheMinxShowpalace/photos/1995679917376553/

11)    Julianne Klaren, Facebook, 3/24/2017,

https://www.facebook.com/TheMinxShowpalace/photos/1884460315165181/

12)    Julianne Klaren, Facebook, 2/9/2017,

https://www.facebook.com/TheMinxShowpalace/photos/1858569394420940/

41. On information and belief, the advertisements listed above were posted by, at the direction of, or on behalf of Defendant.

42. As of the date of filing this complaint, the advertisements listed above are still publicly posted on Defendant's Social Media Accounts for the benefit of Defendant and are continuing violations of Plaintiffs' rights resulting in continuing harm and damage to Plaintiffs.

43. Plaintiffs did not discover Defendant's unauthorized, false, and fraudulent uses of and trespasses upon Plaintiffs' imagery until shortly before the filing of this Complaint, when a review of Defendant's publicly accessible Social Media Accounts led to the discovery of the unauthorized uses of Plaintiffs' imagery listed above.

44. In the advertisements including the images and likenesses of Plaintiffs listed above, Plaintiffs are readily identifiable in that persons seeing the advertisements with the naked eye can reasonably determine that the persons depicted in the advertisements at issue include Plaintiffs.

45. By placing each Plaintiff's image, likeness, and trade dress on the Club's Social Media Accounts, Defendant conveys and reasonably suggests, falsely and fraudulently, that Plaintiffs endorse the Club, are affiliated with the Club, are associated with the Club, participated in the Club, may appear at the Club, sponsor the Club, agreed to advertise the Club, and/or approve of the full or partially nude live entertainment activities believed to be taking place at the Club.

46. Defendant has falsely represented to the public generally, as well as to advertising clients that had previously engaged or may in the future engage Plaintiffs as paid talent for modeling or other related endeavors, that Plaintiffs endorse the Club, are affiliated with the Club, are associated with the Club, participated in the Club, may appear at the Club, sponsor the Club, agreed to advertise the Club, and/or approve of the full or partially nude live entertainment activities believed to be taking place at the Club when in fact Plaintiffs do and did not.

47. Defendant's use of Plaintiffs' images, likenesses, identities, trade dress, and advertising ideas was for a commercial purpose and for Defendant's commercial benefit.

48. Defendant used the advertisements containing Plaintiffs' images to drive traffic to the Club and increase Defendant's revenue.

49. Defendant had and has no right, consent, authority, license, or authorization to use any of Plaintiffs' images, likenesses, identities, trade dress, or advertising ideas in Defendant's commercial advertisements.

50. Defendant knew or should have known that they had no right to use Plaintiffs' images, likenesses, identities, trade dress, or advertising ideas in commercial advertisements making Defendant's unauthorized use of same knowing, willful, and intentional.

51. In the alternative, Defendant failed to exercise reasonable care, including reasonable care in the supervision of its managers, employees, or contractors, and reasonable care in the promulgation of policies and procedures, with respect to use of images in advertisements for the Club of only those persons for whom Defendant had valid consent, license, or authority making Defendant's unauthorized use of Plaintiffs' images, likenesses, identities, trade dress, or advertising ideas reckless or negligent.

###        C.        Defendant's Unauthorized Use of Plaintiffs' Images and Likenesses Harmed and Damaged Plaintiffs

52. In prior instances of authorized commercial marketing and use of each Plaintiff's images, likenesses, identities, trade dress, or advertising ideas by third parties, Plaintiffs negotiated and expressly granted authority for such use pursuant to various terms and conditions and for agreed upon compensation.

53. Defendant never hired or contracted with any of Plaintiffs to advertise, promote, market, endorse, or participate in the Club.

54. Defendant never sought Plaintiffs' permission to use any of Plaintiffs' images, likenesses, identities, trade dress, or advertising ideas to advertise and promote the Club, or for any other purpose.

55. Plaintiffs never gave Defendant permission to use Plaintiffs' images or likenesses, nor did Plaintiffs otherwise authorize, license, assign, or grant Defendant any right to use Plaintiffs' images, likenesses, identities, trade dress, or advertising ideas for commercial purposes.

56. Defendant never compensated Plaintiffs for any use of any of images, likenesses, identities, trade dress, or advertising ideas.

57. Defendant's unauthorized use of Plaintiffs' images, likenesses, identities, trade dress, or advertising ideas was and is misleading, confusing, and fraudulent.

58. Defendant misappropriated Plaintiffs' images, likenesses, identities, trade dress, or advertising ideas in total disregard of Plaintiffs' rights.

59. As a direct and proximate result of Defendant's exploitation of Plaintiffs' images, likenesses, identities, trade dress, or advertising ideas, Defendant made profits or gross revenues in an amount to be established at trial.

60. Plaintiffs have been damaged as a direct and proximate result of Defendant's unauthorized use of Plaintiffs' images, likenesses, identities, trade dress, or advertising ideas for commercial purposes, as Plaintiffs have been deprived of the fair market value compensation they could have otherwise received for the commercial use of same if they had been willing to license same for use by Club – which they were not – resulting in damages, the total amount of which will be established by proof at trial.

61. Plaintiffs have further been damaged as a direct and proximate result of Defendant's unauthorized use as such use causes Plaintiffs to lose Plaintiffs' exclusive right to control the

commercial exploitation of Plaintiffs' images, likenesses, identities, trade dress, or advertising ideas, resulting in damages, the total amount of which will be established by proof at trial.

62. Plaintiffs have further been damaged as a direct and proximate result of Defendant's unauthorized use, as such use is detrimental to the value Plaintiffs could otherwise obtain in commercializing Plaintiffs' images, likenesses, identities, trade dress, or advertising ideas, resulting in damages, the total amount of which will be established by proof at trial.

### V.   CLAIMS FOR RELIEF

### COUNT I
**Violations of the Lanham Act, 15 U.S.C. §1125(a) *et seq.* subsections (a)(1)(A) and (a)(1)(B)**

63. Plaintiffs re-state and re-allege paragraphs 1 through 62 above and incorporate the same by reference as though fully set forth herein.

64. Each Plaintiff brings this claim against Defendant.

65. The Lanham Act, 15 U.S.C. § 1125(a)(1), provides in part:

> Any person who, on or in connection with any goods or services … uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which –
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1).

66. Defendant is liable to Plaintiffs for violations of subsections 1125(a)(1)(A) (the "false association" or "false endorsement" subsection) and 1125(a)(1)(B) (the "false advertising" subsection) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

67. Plaintiffs, through their careers in modeling, attractiveness, and individually distinctive physical looks, have all attained a degree of fame, celebrity, and public prominence.

68. Each Plaintiff enjoys a substantial social media following and has appeared in numerous authorized advertising campaigns, publications, shows, productions, or paid appearances.

69. Each Plaintiff earns or has earned compensation by commercializing their identity for use by reputable brands and services through arms-length negotiated transactions.

70. Each Plaintiff possesses a valid and protectable interest in their persona, image, likeness, identity, and trade dress that is eligible for protection under 15 U.S.C. § 1125(a)(1).

71. Each Plaintiff has possessed, maintained, and safeguarded their exclusive right to control the use of their persona, image, likeness, identity, and trade dress.

72. Prior to authorizing the use of their image, likeness, identity, or trade dress, each Plaintiff carefully considers the reputation of the potential client and the good or service being promoted.

73. Plaintiffs did not authorize Defendant's use of any Plaintiff's image, likeness, identity, or trade dress nor did Plaintiffs grant anyone else authority to authorize Defendant's use of any Plaintiff's image, likeness, identity, or trade dress.

74. Defendant is responsible for the placement of each Plaintiff's image, likeness, identity, or trade dress on or in advertisements promoting the Club on the Club's Social Media Accounts without consent, license, authorization, or legal right.

75. Defendant's unauthorized use of each Plaintiff's image, likeness, identity, or trade dress is ongoing and continuing as of the date of this Complaint.

76. In Defendant's advertisements that contain Plaintiffs' image, likeness, identity, or trade dress, Plaintiffs are depicted and readily identifiable.

77. Defendant misappropriated each Plaintiff's image, likeness, identity, or trade dress in Defendant's advertisements for the Club to create the false impression that Plaintiffs are somehow affiliated with, associated with, have endorsed, promoted, agreed to advertise, would be appearing at, or otherwise participated in the Club or the live partially or fully nude live entertainment activities believed to take place at the Club.

78. Defendant never sought Plaintiffs' consent to use Plaintiffs' image, likeness, identity, or trade dress.

79. Plaintiffs have never been employed by, performed at, danced at, or affiliated themselves in any way with the Club or Defendant.

80. Plaintiffs would not agree to allow their image, likeness, identity, or trade dress to be used to promote the Club and would not and do not endorse the Club or the Club's live full or partially nude entertainment activities.

81. Defendant placed its advertisements containing the misappropriated image, likeness, identity, or trade dress of each Plaintiff on some of the very same social media marketing channels used in interstate commerce by Plaintiffs to promote both themselves and the third-party brands, products, and services Plaintiffs choose to promote.

82. Defendant's misappropriation of each Plaintiff's image, likeness, identity, or trade dress is likely to cause confusion as to Plaintiffs' association with, affiliation with, sponsorship of, endorsement of, agreement to advertise or promote, and/or participation in the Club or the Club's live full or partially nude entertainment activities.

83. On information and belief, Defendant's misappropriation has caused actual confusion among consumers as to Plaintiffs' affiliation with, endorsement of, agreement to advertise or promote, and/or participation in the Club or the Club's live full or partially nude entertainment activities.

84. Defendant knew or should have known that they had no right to use Plaintiffs' image, likeness, identity, or trade dress to promote or advertise the Club.

85. Defendant knew or should have known that obtaining the right to use Plaintiffs' image, likeness, identity, or trade dress would have required consent and substantial compensation.

86. Defendant's unauthorized use of Plaintiffs' image, likeness, identity, or trade dress without seeking their consent under these circumstances constitutes willful and deliberate conduct.

87. In the alternative, Defendant recklessly or negligently failed to exercise reasonable care by failing to ensure that Defendant only used content in its advertisements that Defendant had the legal right to use and by further failing to promulgate sufficient policies and procedures regarding use of only images, likenesses, identities, or trade dresses in advertisements for which Defendant had legal right.

88. As a direct and proximate result of Defendant's actions as described herein, Defendant created the false impression that Plaintiffs were associated with, affiliated with, performed at, endorsed, or otherwise promoted the Club or the Club's live full or partially nude entertainment activities.

89. As a direct and proximate result of Defendant's actions as described herein, Defendant enjoyed increased revenues and profits subject to disgorgement to Plaintiffs as damages.

90. As direct and proximate result of Defendant's actions as described herein, Plaintiffs suffered actual damages including but not limited to being deprived of the fair market value compensation Plaintiffs would have otherwise received for the authorized use of their image, likeness, identity, or trade dress and harm to Plaintiffs' goodwill and reputation, which has been disparaged and defamed by Defendant's conduct, all in an amount to be established at trial.

91. Based on the foregoing, Plaintiffs demand judgment against Defendant on Plaintiffs' Lanham Act claims and entry of an order awarding Plaintiffs damages, injunctive relief, costs, attorney's fees, and all other such other and further relief as to this Court seem just, proper, and equitable.

## COUNT II
## Violation of Plaintiffs' Common Law of Right of Publicity

92. Plaintiffs re-state and re-allege paragraphs 1 through 62 above and incorporate the same by reference as though fully set forth herein.

93. Each Plaintiff brings this claim against Defendant.

94. Plaintiffs' images, likenesses, and distinctive modelling look as their trade dress are elements of Plaintiffs' identity.

95. Plaintiffs' images and likenesses, as well as Plaintiffs' trade dress and advertising ideas, have significant commercial value.

96. As demonstrated above, Defendant published, posted, displayed, and/or otherwise publicly used Plaintiffs' image, likeness, identity, and trade dress on Defendant's Social Media Accounts without consent for the purposes of trade and commercial advertising, including, but not limited to, promoting, advertising, marketing, and implying endorsement of Defendant's Club, and their events and activities.

97. Accordingly, Defendant appropriated for its own use and benefit the reputation, prestige, commercial standing, public interest, distinctive look, and other values of each of the Plaintiff's and of their images, likenesses, and identities without consent.

98. Plaintiffs' faces or bodies are clearly visible and readily identifiable and distinguishable in the Defendant's advertisements.

99. Plaintiffs never consented to, authorized, licensed, or otherwise permitted Defendant's use of their images, likenesses, or identities for any purpose. Rather, Defendant misappropriated Plaintiffs' images without Plaintiffs' knowledge and without even attempting to acquire Plaintiffs' permission.

100.     Defendant did not use each Plaintiffs' image, likeness, and identity in news reporting, commentary, entertainment, works of fiction or nonfiction, or in advertising that is incidental to such uses.

101.     Defendant did not use each Plaintiffs' image, likeness, and identity primarily for the purpose of communicating information or expressing ideas, but rather used each Plaintiff's image, likeness, and identity primarily for the purpose of commercially advertising Defendant's Club.

102.     Defendant acted intentionally in using Plaintiffs' image, likeness, and identity and, knowing they did not have permission to use the images, posted the images to Defendant's Social Media Accounts to market Defendant's Club and its activities and events without the authorization of Plaintiffs, appropriating for Defendant's own benefit the image, likeness, identity, physical attractiveness, distinct look, brand, advertising ideas, and trade dress of each Plaintiff.

103.     In the alternative, Defendant acted with reckless disregard to Plaintiffs' legal rights by expressly permitting, allowing, or condoning the use of Plaintiffs' images on its social media

page for the purpose of marketing, advertising, promoting, and implying endorsement of Defendant's Club and its activities.

104.     In the alternative, Defendant acted negligently in permitting, allowing, or condoning the use of Plaintiffs' images on its social media accounts for the purpose of marketing, advertising, promoting, and implying endorsement of Defendant's Club and its activities.

105.     Defendant is in the adult entertainment business and knew or should have known of the standard negotiation process over the terms of use, conditions of release, licensing issues, and other contractual incidences related to the use and exploitation of a professional model's image and likeness for Defendant's commercial benefit.

106.     Nonetheless, Defendant circumvented the appropriate licensing and negotiating process, thereby avoiding payment to Plaintiffs, the cost of photoshoots, payments to Plaintiffs' agents or agencies, and the cost of licensing, totaling a substantial sum of money and resulting in a windfall for Defendant.

107.     Defendant's unauthorized use, alteration, and appropriation of Plaintiffs' images and likenesses has and will continue to directly and proximately cause irreparable harm and damage to Plaintiffs, their reputations, and their brands by attributing to Plaintiffs an association with, involvement with, or endorsement of Defendant's Club and the Club's live fully or partially nude adult entertainment related activities.

108.     As a direct and proximate result of Defendant's misappropriation of Plaintiffs' images, likenesses, identities, or trade dress, Defendant has damaged Plaintiffs by failing to compensate them for the value of use of their likenesses and by causing harm to Plaintiffs' goodwill and reputation, which has been disparaged and defamed by Defendant's conduct.

109.     As a direct and proximate result of Defendant's misappropriation of Plaintiffs' images, likenesses, identities, trade dress, or advertising ideas, Defendant has earned and withheld profits attributable directly or indirectly to the unlawful use of Plaintiffs' images, entitling Plaintiffs to a disgorgement of those ill-gotten gains.

110.     Based on the foregoing, Plaintiffs demand judgment against Defendant on Plaintiffs' common law right of publicity claims and entry of an order awarding Plaintiffs damages, injunctive relief, costs, attorney's fees, and all other such other and further relief as to this Court seem just, proper, and equitable.

### COUNT III
### Violation of Plaintiffs' Common Law of Right of Privacy – Appropriation

111.     Plaintiffs re-state and re-allege paragraphs 1 through 62 above and incorporate the same by reference as though fully set forth herein.

112.     Each Plaintiff brings this claim against Defendant.

113.     Plaintiffs' images, likenesses, and distinctive modelling look as their trade dress are elements of Plaintiffs' identity.

114.     Plaintiffs' images and likenesses, as well as Plaintiffs' trade dress and advertising ideas, have significant commercial value.

115.     As demonstrated above, Defendant published, posted, displayed, and/or otherwise publicly used and appropriated Plaintiffs' images, likenesses, identities, trade dress, and advertising ideas on its social media without consent for the purposes of trade and commercial advertising, including, but not limited to, promoting, advertising, marketing, and implying endorsement of Defendant's Club, and their events and activities.

116.     Accordingly, Defendant appropriated for its own use and benefit the reputation, prestige, commercial standing, public interest, distinctive look, trade dress, advertising ideas, and other values of each of the Plaintiffs.

117.     Plaintiffs' faces or bodies are clearly visible and readily identifiable and distinguishable in the Defendant's advertisements.

118.     Plaintiffs never consented to, authorized, licensed, or otherwise permitted Defendant's use of their likenesses, or any other qualities, for any purpose. Rather, Defendant misappropriated Plaintiffs' likenesses without Plaintiffs' knowledge and without even attempting to acquire Plaintiffs' permission.

119.     Defendant did not use each Plaintiffs' likeness in news reporting, commentary, entertainment, works of fiction or nonfiction, or in advertising that is incidental to such uses.

120.     Defendant did not use each Plaintiffs' likeness primarily for the purpose of communicating information or expressing ideas, but rather used each Plaintiff's image and likeness primarily for the purpose of commercially advertising Defendant's Club.

121.     Defendant acted intentionally in using Plaintiffs' likenesses and, knowing they did not have permission to use same, posted pictures of Plaintiffs to Defendant's Social Media Accounts to market Defendant's Club and its activities and events without the authorization of Plaintiffs, appropriating for Defendant's own benefit the identities, physical attractiveness, distinct look, brand, trade dress, and advertising ideas of each Plaintiff.

122.     In the alternative, Defendant acted with reckless disregard to Plaintiffs' legal rights by expressly permitting, allowing, or condoning the use of Plaintiffs' images on its social media page for the purpose of marketing, advertising, promoting, and implying endorsement of Defendant's Club and its activities.

123.    In the alternative, Defendant acted negligently in permitting, allowing, or condoning the use of Plaintiffs' images on its social media accounts for the purpose of marketing, advertising, promoting, and implying endorsement of Defendant's Club and its activities.

124.    Defendant is in the adult entertainment business and knew or should have known of the standard negotiation process over the terms of use, conditions of release, licensing issues, and other contractual incidences related to the use and exploitation of a professional model's image and likeness for Defendant's commercial benefit.

125.    Nonetheless, Defendant circumvented the appropriate licensing and negotiating process, thereby avoiding payment to Plaintiffs, the cost of photoshoots, payments to Plaintiffs' agents or agencies, and the cost of licensing, totaling a substantial sum of money and resulting in a windfall for Defendant.

126.    Defendant's unauthorized use, alteration, and appropriation of Plaintiffs' images and likenesses has and will continue to directly and proximately cause irreparable harm and damage to Plaintiffs, their reputations, and their brands by attributing to Plaintiffs an association with, involvement with, or endorsement of Defendant's Club and the Club's live fully or partially nude adult entertainment related activities.

127.    As a direct and proximate result of Defendant's misappropriation of Plaintiffs' images and likenesses, Defendant has damaged Plaintiffs by failing to compensate them for the value of use of their likenesses.

128.    As a direct and proximate result of Defendant's misappropriation of Plaintiffs' images and likenesses, Defendant has earned and withheld profits attributable directly or indirectly to the unlawful use of Plaintiffs' images, entitling Plaintiffs to a disgorgement of those ill-gotten gains.

129.     Based on the foregoing, Plaintiffs demand judgment against Defendant on Plaintiffs' common law right of privacy appropriation claims and entry of an order awarding Plaintiffs damages, injunctive relief, costs, attorney's fees, and all other such other and further relief as to this Court seem just, proper, and equitable.

**COUNT IV**
**Violation of Plaintiffs' Common Law of Right of Privacy – False Light**

130.     Plaintiffs re-state and re-allege paragraphs 1 through 62 above and incorporate the same by reference as though fully set forth herein.

131.     Each Plaintiff brings this claim against Defendant.

132.     By placing pictures of Plaintiffs in which Plaintiff's faces or bodies are identifiable on Defendant's public social media accounts in commercial advertisements for Defendant's adult entertainment or "strip" club, at which live fully or partially nude entertainment activities take place, and thereby stating, inferring, or implying that Plaintiffs would be performing at or allowed use of their images by Defendant's club, Defendant placed each Plaintiff in a false light that would be highly offensive to a reasonable person, as Plaintiffs do not perform at or choose to affiliate themselves with Defendant's live fully nude or partially nude entertainment venue, and Defendant acted with knowledge or in reckless disregard as to the falsity of Plaintiffs' association with live fully or partially nude entertainment activities at Defendant's Club.

133.     As a direct and proximate result of Defendant's placement of Plaintiffs in a false light, Defendant has injured, disparaged, defamed, and damaged Plaintiffs' goodwill and reputations, entitling Plaintiffs to an award of damages.

134.     Based on the foregoing, Plaintiffs demand judgment against Defendant on Plaintiffs' common law right of privacy false light claims and entry of an order awarding

Plaintiffs damages, injunctive relief, costs, attorney's fees, and all other such other and further relief as to this Court seem just, proper, and equitable.

**COUNT V**
**Conversion**

135.     Plaintiffs re-state and re-allege paragraphs 1 through 62 above and incorporate the same by reference as though fully set forth herein.

136.     Each Plaintiff brings this claim against Defendant.

137.     Each Plaintiff has a possessory interest in their own personal image, likeness, brand, trade dress, and advertising ideas.

138.     Defendant exercised wrongful dominion over each Plaintiff's image, likeness, brand, trade dress, and advertising ideas by taking, altering, and posting same on Defendant's Social Media Accounts without payment, permission, consent, or license from each Plaintiff contrary to Plaintiffs' possessory rights to their own property.

139.     As a direct and proximate result of Defendant's actions as described herein, each Plaintiff suffered actual damages including but not limited to being deprived of control over their own image, likeness, identity, trade dress, and advertising ideas, and incurred further damages in recovering their property through this action, all in an amount to be established at trial.

140.     Based on the foregoing, Plaintiffs demand judgment against Defendant on Plaintiffs' conversion claims and entry of an order awarding Plaintiffs damages, injunctive relief, costs, attorney's fees, and all other such other and further relief as to this Court seem just, proper, and equitable.

## COUNT VI
## Unfair Competition

141.     Plaintiffs re-state and re-allege paragraphs 1 through 62 above and incorporate the

same by reference as though fully set forth herein.

142.     Each Plaintiff brings this claim against Defendant.

143.     By using Plaintiffs' images, likenesses, advertising ideas, and trade dress in

Defendant's commercial advertisements published on social media, Defendant palmed off,

directly or indirectly, each Plaintiffs' modelling goods, image, likeness, trade dress, and

advertising ideas as Defendant's own, directly or implicitly representing to the public that

Plaintiffs were Defendant's own entertainers or sponsors, and Defendant further palmed off the

goodwill and consumer attention generating qualities of Plaintiffs as Defendant's own, all

without permission, compensation, consent, or license.

144.     By misrepresenting Plaintiffs as Defendant's entertainers or sponsors, Defendant

acted with an intent to deceive or confuse consumers about the nature of Defendant's Club and

the nature of Plaintiffs.

145.     Defendant's advertising conduct creates a likelihood or probability of consumer

confusion with respect to the affiliation between Plaintiffs and Defendant's Club and the nature

of advertising that Plaintiffs allow.

146.     Plaintiffs compete with Defendant for limited consumer attention focused on

advertisements featuring physically attractive women.

147.     Defendant's conduct as described herein constitutes unfair common law palming

off or unfair competition.

148.     As a direct and proximate result of Defendant's unfair competition, Defendant has

damaged Plaintiffs by failing to compensate them for the value of use of their images, likenesses,

advertising ideas, and trade dress and by causing harm to Plaintiffs' goodwill and reputation, which has been disparaged and defamed by Defendant's conduct.

149.     As a direct and proximate result of Defendant's unfair competition, Defendant has earned and withheld profits attributable directly or indirectly to the unlawful use of Plaintiffs' images, entitling Plaintiffs to a disgorgement of those ill-gotten gains.

150.     Based on the foregoing, Plaintiffs demand judgment against Defendant on Plaintiffs' unfair competition claims and entry of an order awarding Plaintiffs damages, injunctive relief, costs, attorney's fees, and all other such other and further relief as to this Court seem just, proper and equitable.

**COUNT VII**
**Negligence**

151.     Plaintiffs re-state and re-allege paragraphs 1 through 62 above and incorporate the same by reference as though fully set forth herein.

152.     Each Plaintiff brings this claim against Defendant.

153.     Upon information and belief, Defendant was negligent in its failure to supervise its managers, employees, or contractors, and further negligent in its failure promulgate policies and procedures, with respect to the use of only such images, likenesses, advertising ideas, and trade dress in advertising on Defendant's Social Media Accounts for which Defendant had legal right and authority.

154.     Defendant's negligent failure to supervise or promulgate policies and procedures was the proximate cause of the harm and damages Plaintiffs suffered when Defendant's used and published each Plaintiffs' image in Defendant's advertisements, defaming and disparaging Plaintiffs and their reputations and brands, without permission or payment.

155.     In the alternative, and upon information and belief, even if Defendant promulgated policies and procedures concerning use of only such images in advertising on Defendant's Social Media Accounts for which Defendant had legal right and authority, Defendant nevertheless negligently failed to enforce those policies and procedures, failed to sufficiently communicate them to managers, employees, or contractors, and failed to exercise reasonable supervision of managers, employees, or contractors.

156.     In addition, Defendant had a duty to exercise reasonable care in refraining from appropriating the images and likenesses of individuals from whom Defendant lacked permissions, consent, or license, and breached that duty by its negligent hiring, screening, retaining, supervising, and/or training of its managers, employees, and contractors involved in Defendant's advertising activities.

157.     As a direct and proximate result of Defendant's negligence as alleged herein, Plaintiffs have suffered damages and demand judgment against Defendant on Plaintiffs' negligence claims and entry of an order awarding Plaintiffs damages, injunctive relief, costs, attorney's fees, and all other such other and further relief as to this Court seem just, proper and equitable.

## COUNT VIII
### Unjust Enrichment

158.     Plaintiffs re-state and re-allege paragraphs 1 through 62 above and incorporate the same by reference as though fully set forth herein.

159.     Each Plaintiff brings this claim against each Defendant.

160.     As previously alleged, Defendant used Plaintiffs' images, likenesses, trade dresses, and advertising ideas to advertise and promote Defendant's Club and its activities, thereby driving customers, business, and revenue to Defendant.

161.     Accordingly, Plaintiffs conferred a benefit on Defendant.

162.     Defendant knew or should have known that they benefited from the use of Plaintiffs' images as is evident from the fact that Defendant published Plaintiffs' images to promote and advertise Defendant's Club and its activities.

163.     Although Defendant is in the adult entertainment business and knew or should have known of the standard negotiation process over the terms of use, conditions of release, licensing issues, and other contractual incidences related to the use and exploitation of a professional model's image and likeness for commercial benefit, Defendant retained the benefits of using Plaintiffs' images and likenesses without compensating Plaintiffs.

164.     Moreover, Defendant circumvented the appropriate licensing and negotiating process, thereby avoiding payment to Plaintiffs, the cost of photoshoots, payments to Plaintiffs' agents or agencies, and the costs of licensing, totaling a substantial sum of money and resulting in a windfall for Defendant.

165.     Defendant's unauthorized use and alteration of Plaintiffs' images and likenesses has and will continue to directly and proximately cause harm and damage to Plaintiffs, their reputations, and their brands by attributing to Plaintiffs their association with, involvement with, or endorsement of the Club.

166.     As a direct and proximate result of Defendant's actions, Defendant has damaged Plaintiffs by failing to compensate them for the value of each misappropriated use of their likeness and associating them with Defendant's Club without Plaintiffs' consent.

167.     As a direct and proximate result of the benefit Plaintiffs conferred on Defendant, Defendant has earned and continues to earn and withhold profits attributable directly or indirectly

to the unlawful use of Plaintiffs' images, entitling Plaintiffs to a disgorgement of those ill-gotten gains as remuneration.

168.     Based on the foregoing, Plaintiffs demand judgment against Defendant on Plaintiffs' unjust enrichment equitable claims and entry of an order awarding Plaintiffs damages, injunctive relief, equitable relief, costs, attorney's fees, and all other such other and further relief as to this Court seem just, proper and equitable.

## VI.     DEMAND FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray for judgment against Defendant on each of the claims listed above as follows:

1.     For actual, consequential, and incidental damages in an amount to be proven at trial;

2.     For the amount due, owing, and unpaid to Plaintiffs as representing the fair market value compensation Plaintiffs would have otherwise received for uses of Plaintiffs' images and likenesses;

3.     For trebling of damages or statutory damages as permitted by law;

4.     For prejudgment interest in an amount permitted by law;

5.     For disgorgement of Defendant's profits;

6.     For a permanent injunction barring Defendant's use of Plaintiffs' images or likenesses in advertisements or other promotional material for the Club, including but not limited to an order requiring Defendant to direct removal of all uses of Plaintiffs' images and likenesses from Defendant's Club's Social Media Accounts;

7.     For costs of this lawsuit;

8.     For reasonable attorneys' fees; and

9.     For all such other and further relief as to this Court seem just, proper and equitable.

## VII. <u>JURY DEMAND</u>

Plaintiffs hereby demand trial by jury as to all issues so triable in the above matter.


Dated: May 3, 2022                              Respectfully submitted,

_/s/Beatriz Mate-Kodjo_
Beatriz Mate-Kodjo AT 0012331
BMK Law Firm, PLLC
1910 Washington St. Ste. 100
Pella, Iowa 50219
Telephone: (641) 450-1668
Facsimile: (641) 847-7698
Email: beatriz@mate-kodjo-law.com
_Attorney for Plaintiffs and LR(d)(4) Qualified_
_Associate Counsel for attorney seeking admission_
_pro hac vice_

Edmund S. Aronowitz
MI Bar No. P81474, _application for pro hac vice_
_admission to be filed_
Aronowitz Law Firm PLLC
220 S. Main St. Ste. 305
Royal Oak, Michigan 48067
Telephone: (248) 716-5421
Facsimile: (248) 419-1032
Email: edmund@aronowitzlawfirm.com
_Attorney for Plaintiffs and Lead Counsel pending_
_pro hac vice admission_